# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

**CITY OF FRESNO,**

Plaintiff,

v.

**PHILIP MORRIS USA INC., ET AL.,**

Defendant(s).

_______________________________________ /

**No. 1:26−CV−06899−FJS**

**ORDER SETTING MANDATORY SCHEDULING CONFERENCE and NOTICE OF DIRECT ASSIGNMENT TO MAGISTRATE JUDGE**

**DATE: January 13, 2027**
**TIME: 11:00 AM**
**CTRM: #8 (6th Floor)**

**FRANK J. SINGER**
**U.S. MAGISTRATE JUDGE**

**<u>NOTICE OF DIRECT ASSIGNMENT TO MAGISTRATE JUDGE</u>**

In accordance with Eastern District of California Local Rule, Appendix A, you are notified that the above-entitled action has been assigned to a United States Magistrate Judge to conduct all proceedings in this case, including trial and entry of final judgment. You have the right to have a United States District Judge hear your case. Exercise of jurisdiction by a United States Magistrate Judge is permitted only if all parties consent to Magistrate Judge jurisdiction. Consenting to Magistrate Judge jurisdiction means that you waive the right to have a United States District Judge hear your case, and that a United States Magistrate Judge will take the place of a United States District Judge in all respects. No United States District Judge will supervise or review the work of the Magistrate Judge. An appeal from a judgment entered by a United States Magistrate Judge will be directly assigned to the United States Court of Appeals for the Ninth Circuit in the same manner as an appeal from any other

judgment of this District Court. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Consent to a Magistrate Judge is voluntary. You will be deemed to have knowingly and voluntarily consented to proceed before the assigned Magistrate Judge **UNLESS** you file a declination of consent form with the Court, a copy of which is part of this notice. No Judge will be informed of a party's response to the notification, and all filed declination of consent forms will not be viewable by the Judges. **Any party declining to proceed before a United States Magistrate Judge must sign the declination of consent form and file it with the Court within thirty (30) days of receipt/service of the notice. If the case is a removal case or transfer from another district case, the parties have fourteen (14) days from receipt of the notice to file the declination of consent form. If a declination of consent form is timely filed, then a District Judge will be assigned to the case.** If no party timely files a declination of consent form with the Court, a United States Magistrate Judge will conduct all proceedings in this case, including trial and entry of final judgment.

The parties are encouraged to consider consenting to a United States Magistrate Judge to conduct all proceedings in this action as the Fresno Division of the Eastern District of California now has one of the heaviest District Judge caseloads in the entire nation. Due to the District Judges' heavy caseload, resolution of dispositive motions may be delayed for many months and civil trials may be trailed indefinitely with little notice before commencement of trial before the United States District Judge. The law requires the District Judge give any criminal case priority over civil trials and other matters, and the District Judge must proceed with criminal trials even if a civil trial is older or was set earlier.

**When serving process under Federal Rule of Civil Procedure 4, Plaintiff(s) shall also provide each Defendant with a copy of this order and the "Notice of Assignment to a United States Magistrate Judge and Declination of Consent Form." Within 10 days after service of process on a given Defendant, Plaintiff(s) shall file a separate certificate of service for each Defendant served under Rule 4, including the date and manner of service.**[1]

/////

[1] Alternatively, if this action was removed from state court, the removing party shall immediately serve upon each of the other parties, and upon all parties subsequently joined, a copy of this order and the Notice of Assignment to United States Magistrate Judge and Declination of Consent Form, and shall file with the Clerk a notice that the parties have been served.

Removal Cases

Upon removal, counsel for the removing party shall serve the Complaint, Notice of Removal, Summons, Notice of Assignment to a United States Magistrate Judge and Declination of Consent Form, and all other new case documents upon all opposing parties and all parties who have made an appearance in the originating jurisdiction. Counsel for plaintiff shall also serve the Complaint, Notice of Removal, Summons, Notice of Assignment to a United States Magistrate Judge and Declination of Consent Form, and all other new case documents upon all defendants who have not yet made an appearance in the originating jurisdiction.

Transfer Cases

Upon transfer, counsel for plaintiff shall serve the Complaint, Notice of Removal (if applicable), Summons, Notice of Assignment to a United States Magistrate Judge and Declination of Consent Form, and all other new case documents upon all parties who have not yet made an appearance in the originating jurisdiction. If Plaintiff wishes to have a summons issued for any unserved defendant(s) in this action, Plaintiff must contact the Clerk's Office for issuance.

**SCHEDULING ORDER**

Rule 16, Fed. R. Civ. P., requires the Court to enter a Scheduling Conference Order within 90 days of the date of the Complaint being served upon the defendant. Therefore, it is ordered that you appear for a formal Scheduling Conference before a Fresno Magistrate Judge, in Courtroom 8 at the United States Courthouse, 2500 Tulare Street, Fresno, CA 93721.

The Court is unable to conduct a scheduling conference until the defendant(s) has/have been served with the summons and complaint. Accordingly, plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims. Plaintiff(s) shall promptly file proofs of service of the summons and complaint so the Court has a record of service. Counsel are referred to Fed. R. Civ. P., Rule 4, regarding the requirement of timely service of the complaint. Failure to serve summons and complaint timely may result in the imposition of sanctions, including dismissal of unserved defendants.

Due to the mandates of Rule 16, this Order may be served upon counsel for the plaintiff(s) before appearances of defendant(s) are due. It is the obligation of counsel for the plaintiff(s) to serve a copy of

this Order on the defendant(s), or, if identified, on their counsel, **promptly** upon receipt of this Order, and to file an appropriate proof of such service with the Court, in compliance with Rule 135(a) of the Local Rules of Practice for the Eastern District of California.

Attendance at the Scheduling Conference is ***mandatory*** by each party not represented by counsel or by retained counsel. Only counsel who are thoroughly familiar with the facts and the law of the instant case, and who have full authority to bind his or her client, shall appear. Trial counsel should participate in this Scheduling Conference whenever possible. It may be necessary for counsel to spend as much as 45 minutes in this Conference.

A Joint Scheduling Report, carefully prepared and executed by all counsel/pro se parties, shall be electronically filed in CM/ECF, one (1) full week prior to the Scheduling Conference, and shall be e-mailed, in Microsoft Word format, to **fjsorders@caed.uscourts.gov**.

For reference purposes, the Court requires that counsels's Joint Scheduling Report indicate the date, time, and courtroom of the Scheduling Conference. This information is to be placed opposite the caption on the first page of the Report. Among other things, counsel will be expected to discuss the possibility of settlement. Counsel are to discuss settlement thoroughly with each other before undertaking the preparation of the Joint Scheduling Report and engaging in extensive discovery. However, even if settlement negotiations are progressing, counsel are expected to comply with the requirements of this Order unless otherwise excused by the Court. If the case is settled, please **promptly** inform the Court. If a notice of settlement is file pursuant to Local Rule 160 counsels' presence, as well as the Joint Scheduling Report, will not be required.

Counsel may request that their attendance be by remote video conference. Parties shall notify the Court if counsel will be appearing remotely by providing a notification in the caption of their papers or by phone at (559) 499-5788 or email to the Courtroom Deputy at least one week prior to the hearing. After providing appropriate notice of intent to appear remotely, the parties may appear using the video conference information provided by the Courtroom Deputy prior to the conference. The Courtroom Deputy will send the Zoom ID and password for the conference to counsels' email addresses of record.

**Additionally, counsel are directed to indicate on the face page of their Joint Scheduling Report that the conference will be remote.**

At least twenty (20) days prior to the Mandatory Scheduling Conference, trial counsel for all parties shall conduct and conclude a conference at a time and place arranged by counsel for the plaintiff(s). This conference preferably should be a personal conference between all counsel but, due to the distances involved in this District, a telephonic conference call involving all counsel/pro se parties is permissible. The Joint Scheduling Report shall respond to the following items by corresponding numbered paragraphs:

**Form and Contents of the Joint Scheduling Report**

1. Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.

2. A proposed deadline for amendments to pleadings shall be included. Any proposed amendment to the pleadings presently on file shall be filed by its proponent contemporaneously with the Scheduling Conference Report. If the matter cannot be resolved at the Scheduling Conference, the matter will be set as a Motion to Amend in accordance with the Rules of Practice of the Eastern District of California.

3. A summary of the uncontested and contested facts.

4. A summary of the legal issues as to which there is no dispute, e.g., jurisdiction, venue, applicable federal or state law, etc., as well as summary of the disputed legal issues.

5. The status of all matters which are presently set before the Court, e.g., hearings of all motions, etc.

6. A complete and detailed discovery plan addressing the following:

   a. A date for the exchange of initial disclosures required by Fed. R. Civ. P. 26(a)(1) or a statement that disclosures have already been exchanged;

   b. A firm cut-off date for non-expert discovery;

   c. A firm date for disclosure of expert witnesses as required by Fed. R. Civ. P. 26(a)(2);

   d. A firm cut-off date for expert witness discovery;

   e. Any proposed changes in the limits on discovery imposed by Fed. R. Civ. P. 26(b); 30(a)(2)(A), (B); 30(d); or 33(a);

/////

/////

f. Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information;

g. Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery;

h. Whether the parties anticipate the need to take discovery outside the United States and, if so, a description of the proposed discovery;

i. Whether any party anticipates video and/or sound recording of depositions; and

j. Whether the parties foresee a need for a Mid-Discovery Status Report and Conference and, if so, a proposed date for conducting the conference.

7. Discovery relating to Electronic, Digital and/or Magnetic data. Prior to a Fed. R. Civ. P. 26(f) conference, counsel should carefully investigate their respective client's information management system so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved. Counsel shall also conduct a reasonable review of their respective client's computer files to ascertain the contents thereof, including archival and legacy data (outdated formats or media), and disclose in initial discovery (self-executing routine discovery) the computer-based evidence which may be used to support claims or defenses. A party seeking discovery of computer-based information shall notify the opposing party immediately, but no later than the Fed. R. Civ. P. 26(f) conference, of that fact and identify as clearly as possible the categories of information which may be sought.

8. Duty to Meet and Confer. The parties shall meet and confer regarding the following matters during the Fed. R. Civ. P. 26(f) conference:

a. <u>Computer-based information (in general)</u>: The parties shall attempt to agree on steps the parties will take to segregate and preserve computer-based information in order to avoid accusations of spoilation.

b. <u>E-mail information</u>: The parties shall attempt to agree as to the scope of e-mail discovery and attempt to agree upon an e-mail search protocol. This should include an agreement regarding inadvertent production of privileged e-mail messages.

/////

c. Deleted information: The parties shall confer and attempt to agree whether or not restoration of deleted information may be necessary, the extent to which restoration of deleted information is needed, and who will bear the costs of restoration; and

d. Back-up data: The parties shall attempt to agree whether or not back-up data may be necessary, the extent to which back-up data is needed and who will bear the cost of obtaining back-up data.

9. **Dates agreed to by all counsel for:**

a. Filing non-dispositive and dispositive pre-trial motions with the understanding that motions (except motions in *limine* or other trial motions) will not be entertained after the agreed upon date, which shall be no later than 10 weeks prior to the proposed Pre-Trial Conference date.

b. Pre-Trial Conference Date. (This date shall be no later than 45 days prior to the proposed trial date.)

c. Trial date.

All of these dates should be considered firm dates. Dates should be set to allow the court to decide any matters under submission before the Pre-Trial Conference is set.

10. At the conference referred to above, counsel are encouraged to discuss settlement, and the Court will expect a statement in the Joint Scheduling Report as to the possibility of settlement. The parties will indicate when they desire a settlement conference, e.g., before further discovery, after discovery, after pre-trial motions, etc.

11. A statement as to whether the case is a jury or non-jury case. If the parties disagree as to whether a jury trial has been timely demanded or whether one is available on some or all of the claims, the statement shall include a summary of each party's position.

12. An estimate of the number of trial days is required. If the parties cannot agree, each party shall give his or her best estimate. In estimating the number of trial days, the parties should keep in mind that this court is normally able to devote the entire day to trial.

13. Whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pre-trial motions or trial.

14. Whether this matter is related to any matter pending in this court or any other court, including bankruptcy court.

15. Joint Scheduling Reports are to be e-mailed, in Microsoft Word format, to **fjsorders@caed.uscourts.gov.**

**Should counsel or a party appearing pro se fail to appear at the Mandatory Scheduling Conference, or fail to comply with the directions as set forth above, an ex parte hearing may be held and judgment of dismissal, default, or other appropriate judgment may be entered, or sanctions, including contempt of court, may be imposed and/or ordered.**

/s/ FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE